■ In the Matter of the Accounting of HANOVER BANK, as Trustee of CHARLES F. HOFFMAN, Deceased, Respondent. FRANCES W. ALEXION, Individually, and as Executrix of CHARLES W. DAYTON, Deceased, et al., Appellants; WILLARD S. AVERY et al., Respondents.— In a proceeding in the Surrogate's Court, Kings County, to settle a testamentary trustee's accounts, the appeal is from such portions of the decree as, in effect, dismissed appellants' claim to share in the remainders of the trusts which pass as in intestacy. Appellants' claim is based on an attorney's retainer agreements which were executed and acknowledged in 1910. The attorney died in 1936, and appellants are the successors to his interest in the agreements. Two of the testamentary trusts terminated in 1949 with the death of the life income beneficiary, and the remainders of those trusts are to be distributed as in intestacy of the testator under whose will the trusts were created. The decree confirms findings of a Referee. It was found, *inter alia,* that (1) the retainer agreements provide solely for payment of legal services in a litigation (*Matter of Hoffman,* 201 N. Y. 247), which was concluded in 1911, and (2) the deceased attorney's services did not bring about the distributions which are to be made as a result of the death without issue in 1949 of the life income beneficiary. Appellants contend that the retainer agreements provide that the attorney is to receive stated percentages of the amounts distributable to the successors of the attorney's deceased clients and that, notwithstanding that the attorney is deceased and unable to render further services, the said percentages are payable to appellants. Decree insofar as appeal is taken affirmed, with costs to all parties appearing and filing separate briefs, payable out of the estate. No opinion. Beldock, Ughetta and Hallinan, JJ., concur; Wenzel, Acting P. J., and Murphy, J., dissent and vote to reverse the decree insofar as appealed from, to allow the claim of appellants, and for remission of the matter for the purpose of making a new decree in accordance with such determination. The language of the agreements made in 1910 between the attorney Dayton and his clients makes it clear that he was to get payment for his services from any sums received "through intestacy arising by the death of any of the legates mentioned in said Will". It is indisputable that the sums in question have been so received from the precise quoted source. A construction was obtained by the attorney Dayton as the result of which the corpus of trusts created in the will passed under the law governing intestacy, rather than augmenting remaining trusts. The result was beneficial to the clients in 1910; it has been equally beneficial to their successors as to the trusts, the life tenancies of which terminated in 1927 and 1949. The retainer

agreements made it clear that the attorney was entitled to payment as to trusts created for the benefit of the testator's niece and sister Inez as well as those for the benefit of his brother and sister Wilhelmina. The extrinsic proof as to intention serves only to fortify the unambiguous meaning of the agreements. It is immaterial that the attorney has died. No further performance on the part of the attorney was necessary in order to enable the successors of his clients to reap the benefit of his services.